**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50227 |
| Plaintiff - Appellee, | D.C. No. 3:01-cr-02969-WQH-1 |
| v. | |
| ROY PAUL BIONDI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted November 14, 2011
Pasadena, California

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and SINGLETON,
Senior District Judge.[**]

Appellant Roy Paul Biondi (Biondi) challenges as an unreasonable delay the

six years that elapsed between the district court's issuance of an order to show

cause why he had not violated the terms of his supervised release and the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court of Alaska, sitting by designation.

revocation hearing held upon his release from state custody. Biondi also argues that the 12-month sentence the district court imposed was unreasonable.

**1.** The district court did not err by postponing the revocation hearing until Biondi was released from state custody. *See United States v. Garrett*, 253 F.3d 443, 450 (9th Cir. 2001) (explaining that "once a defendant's supervised release term expires, a district court may, in accordance with § 3583(i), postpone the federal adjudication of matters arising before the expiration of that term until after the defendant is released from state custody").

**2.** Biondi was not prejudiced by the postponement because there is no statutory requirement that the government "writ a defendant out of state custody and bring him before the federal district court for his revocation hearing. . . ." *Garrett*, 253 F.3d at 450. Likewise, the postponement did not cause Biondi to suffer "difficulty in contesting the alleged facts constituting a violation of [his] release conditions; hardship in finding and presenting favorable witnesses; or inability to produce evidence of mitigating circumstances which might result in continued [supervised release] despite the violation. . . ." *United States v. Wickham*, 618 F.2d 1307, 1310 (9th Cir. 1979).

**3.**     Contrary to Biondi's argument, the district court provided an adequate account of its sentencing considerations, rendering the sentence reasonable. *See United States v. Treadwell*, 593 F.3d 990, 1010 (9th Cir. 2010) (clarifying that "[a] district court need not explain its reasons in detail where context and the record make clear what reasoning underlies the judge's conclusion") (citation, alteration, and internal quotation marks omitted).

**AFFIRMED.**